1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   RONALD C. DIAZ,                      Case No.:  3:17-cv-1772-LAB-BLM
     CDCR #AD2009
12                                        **ORDER DISMISSING FIRST**
                               Plaintiff, **AMENDED COMPLAINT FOR**
13                                        **FAILING TO STATE A CLAIM**
     v.                                   **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
14                                        **AND § 1915A**
     N. McGEE; S. RUTHLEDGE; D.
15   HOLBROOK; J. WILBORN; CALVERT;
     RICHARD J. DONOVAN
16   CORRECTIONAL FACILTY ,
                              Defendants.
17

18

19

20

21

22   **I.      Procedural History**

23         On August 31, 2017, Ronald C. Diaz ("Plaintiff"), a state inmate currently

24   incarcerated at California State Prison - Los Angeles County located in Lancaster,

25   California and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42

26   U.S.C. § 1983.  (ECF No. 1.)  He alleged violation of his First, Eighth and Fourteenth

27   Amendment rights when he was previously housed at the Richard J. Donovan

28   Correctional Facility ("RJD") in San Diego, California.   (Compl. at 1.)  In addition,

Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

The Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 4.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (Id.) On October 30, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, "[t]he Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. Id.; see also Moss v. U. S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), citing Bretz v. Kelman, 773 F.3d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Plaintiff's Allegations**

On August 28, 2015, Plaintiff went to "medical for chest pains" and was later "sent to C.T.C. crisis bed for suicidal ideations." (FAC at 3.) He further claims that "T.A.A. officers (never) called Plaintiff's unit officer, Rodgers, to remove and pack up Plaintiff's

property" from his cell.  (Id.)  Instead, Correctional Officer Rodgers[1] "went home and all of Plaintiff's property" was "stolen by Plaintiff's then cellie."  (Id.)  Plaintiff discovered that his property had been stolen when he returned to RJD two weeks later.  (Id.)

Plaintiff claims that Rodgers admitted he was negligent in failing to secure Plaintiff's property.  (Id. at 4.)  However, when Plaintiff sought reimbursement for his property, he claims Defendants McGee, Ruthledge and Holbrook denied his requests and his grievances.  (Id. at 4-5.)  He further claims that these denials were in retaliation for Plaintiff "reporting staff misconduct on them and [their] partners."  (Id.)  On June 20, 2016, Plaintiff's request for reimbursement of his lost items was granted by RJD Chief Deputy Warden, G. Stratton.  (Id., Ex. 8, ECF No. 4 at 35-37, Second Level Appeal Response dated June 20, 2016.)

## C.    Waived Claims and Defendants

In the Court's September 25, 2017 Order, Plaintiff was instructed that any "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived."  (ECF No. 3 at 8, citing S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In Plaintiff's FAC, he no longer names Defendants Calvert and Wilborn.  (See FAC at 1-2.)  In addition, he no longer alleges any Fourteenth Amendment claims in his FAC.  Therefore, Plaintiff's Fourteenth Amendment claims and the claims against Defendants Calvert and Wilborn are DISMISSED.

/ / /

/ / /

/ / /

---

[1]  Rodgers is not a named Defendant.

## D.   Retaliation

Plaintiff alleges that the Defendants retaliated against him because he has been reporting "serious staff misconduct and filing 602 complaints" throughout the "years while at Donovan Prison."  (FAC at 3.)

Retaliation against a prisoner for exercising his rights to speech or to petition the government may violate the First Amendment.  *See* Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff does not allege that any Defendants took "adverse action" against him because he was engaging in "protected conduct."  Id.  Plaintiff acknowledges that he was ultimately reimbursed for his property and therefore, he ultimately did not suffer any "adverse action."  In addition, Plaintiff only generally states that he has a history of filing complaints but he does not provide further detail as to the nature of the grievances and whether the Defendants named in this litigation were directly aware of the grievances filed by Plaintiff.  The only grievance Plaintiff refers to as to Defendant McGee is dated April 27, 2016 which is a date that is *after* the alleged acts of retaliation.  (*See* FAC at 30, Inmate/Parolee Request for Interview dated Apr. 27, 2016.)  Therefore, Plaintiff is unable to show that the actions taken by the named Defendants were due to Plaintiff engaging in "protected conduct."

As set forth above, the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting Iqbal's plausibility standard. Iqbal, 556 U.S. at 678.  Therefore, Plaintiff's claims of retaliation are dismissed for failing to state a claim.

5

**III. Leave to Amend**

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**IV. Conclusion and Orders**

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc., 896 F.2d at 1546; Lacey, 693 F.3d at 928.

2. The Clerk of Court is directed to mail Plaintiff a copy of a court approved form § 1983 complaint.

**IT IS SO ORDERED**.

Dated: November 13, 2017

_____
Hon. Larry Alan Burns
United States District Judge

6