UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. DIAZ, F-45125<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>N. McGEE; S. RUTHLEDGE; D. HOLBROOK; J. WILBORN; CALVERT; RICHARD J. DONOVAN CORRECTIONAL FACILITY,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-1772-LAB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

**I.　Procedural History**

Ronald C. Diaz ("Plaintiff"), incarcerated the California State Prison - Los Angeles County located in Lancaster, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On September 25, 2017, the Court granted Plaintiff leave to proceed IFP, conducted its mandatory initial screening of Plaintiff's Complaint, and dismissed it sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

1

(ECF No. 3). The Court also granted Plaintiff 45 days leave in which to file an Amended Complaint that addressed the deficiencies of pleading it identified. (*Id.*). *See also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On October 30, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.) The Court also dismissed Plaintiff's FAC sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 5). Plaintiff again given 45 days leave in which to file an Amended Complaint to address the deficiencies of pleading identified in the Court's Order. (*Id.*)

That time has since passed and Plaintiff has failed to file an Amended Complaint. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's November 13, 2017 Order.

The Clerk of Court is directed to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: January 12, 2018

HON. LARRY ALAN BURNS
United States District Judge