UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. DIAZ,<br>CDCR #AD2009<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>N. McGEE; S. RUTHLEDGE; D. HOLBROOK; J. WILBORN; CALVERT; RICHARD J. DONOVAN CORRECTIONAL FACILTY ,<br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-1772-LAB-BLM<br><br>**ORDER:**<br><br>**(1) VACATING JUDGMENT PURSUANT TO FRCP 60(a); and**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A** |

**I.　Procedural History**

On August 31, 2017, Ronald C. Diaz ("Plaintiff"), a state inmate currently incarcerated at California State Prison - Los Angeles County located in Lancaster, California and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He alleged violation of his First, Eighth and Fourteenth Amendment rights when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (Compl. at 1.) In addition,

Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

The Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 4.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (Id.) On October 30, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.) However, once again, the Court found that Plaintiff failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 5.)

Plaintiff was again given leave to file an amended pleading. (Id.) However, the time passed and Plaintiff had not complied with the Court's Order. On January 12, 2018, the Court dismissed the entire action for the reasons set forth in the Court's November 13, 2017 Order and for failing to comply with a Court Order. (ECF No. 7.) In the meantime, the Court received and filed Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 6.) Because it does appear that Plaintiff signed his SAC on December 28, 2017, the Court finds this pleading to be timely. Houston v. Lack, 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("Houston mailbox rule applies to § 1983 suits filed by pro se prisoners."). Therefore, the Court VACATES the judgment entered on January 17, 2018 pursuant to Fed.R.Civ.P. 60(a) and will conduct the sua sponte screening of Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.     Standard of Review**

As the Court previously informed Plaintiff, "[t]he Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those who are "incarcerated or detained in

any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. Id.; see also Moss v. U. S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not

initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.  Plaintiff's Allegations**

On August 28, 2015, Plaintiff went to "medical for 'chest pains'" and while he was there he "became suicidal." (SAC at 4.) Plaintiff was sent to a "crisis bed." (Id.) Plaintiff alleges that officers failed to pack up the personal belongings in his cell and as a result, other inmates "stole all of Plaintiff's property." (Id.) When Plaintiff returned, he filed a grievance with Correctional Officer Rodgers[1] who told Plaintiff that "he was willing" to get Plaintiff "reimbursed for all his lost property." (Id. at 3.) Rodgers told Plaintiff that he had to follow up by filing another grievance with Rodgers's supervisor, Defendant McGee. (Id.)

Plaintiff claims McGee "lied" and told Plaintiff he "never received" Plaintiff's grievance. (Id.) He further told Plaintiff that he had to start the grievance process "all over again." (Id.) Plaintiff alleges it "became clear" that McGee was retaliating against him because McGee "hates all prisoners" and is part of a "wanna be gang" known as the "Green Slobbs." (Id.) Plaintiff also claims he has a "history for speaking up" and has "filed numerous staff misconduct complaints" against McGee. (Id.)

---

[1]  Rodgers is not a named Defendant.

4

## C. Retaliation

Throughout Plaintiff's SAC, he claims that Defendants are retaliating against him by refusing to reimburse him for the loss of his property. Specifically, Plaintiff claims that he has a "history for speaking up" and filing "numerous staff misconduct complaints on Sgt. McGee, Sgt. Ruthledge and [their] partners for committing crimes on Donovan prisoners, etc." (SAC at 3.)

Retaliation against a prisoner for exercising his rights to speech or to petition the government may violate the First Amendment. *See* Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff does not sufficiently allege facts to support his claim that he was engaging in "protected conduct." (Id.) Rather, Plaintiff only generally states that he has a history of filing complaints but he does not provide further detail as to the nature of the grievances and whether the Defendants named in this litigation were directly aware of the grievances filed by Plaintiff. There is no causal connection sufficiently alleged between the purported "protected conduct" and the actions allegedly taken on the part of any of the named Defendants.

As set forth above, the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting Iqbal's plausibility standard. Iqbal, 556 U.S. at 678. Therefore, Plaintiff's claims of retaliation are dismissed for failing to state a claim.

///

///

## D. Fourteenth Amendment Equal Protection claims

Plaintiff also alleges that his right to equal protection under the law was violated by Defendants. (See SAC at 5.) Under the Equal Protection Clause, Plaintiff must allege facts showing or intimating he was discriminated against because of his race, religion, or national origin. See Ashcroft, 556 U.S. at 681. Allegations of discrimination need be "plausible," not merely "conceivable." Id. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."" Id. at 678 (internal citation and punctuation omitted).

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against [him] based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation and citation omitted). To support such a claim, Plaintiff must allege facts to plausibly show discriminatory intent. Id.; see also Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (essential element of an equal protection claim is to allege that officials intentionally acted in a discriminatory manner, and with a discriminatory purpose).

Here, Plaintiff's SAC is devoid of any allegations that there was some intentional action taken to discriminate against Plaintiff. Specifically, Plaintiff must allege that Defendants took some course of action against him "because of,' not merely 'in spite of' [the action's] adverse effects upon an identifiable group," Feeney, 442 U.S. at 279.

"[P]urposeful discrimination requires more than 'intent as volition or intent as awareness of consequences.'" Iqbal, 556 U.S. at 676 (quoting Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279 (1979)). To state an equal protection claim, Plaintiff's SAC must contain sufficient "factual content" to plausibly show his treatment was "invidiously dissimilar to that received by other inmates." Seals v. Russell, No. C 04-1569 SBA, 2007 WL 1697319 *7 (N.D. Cal. June 12, 2007). The discriminatory act must be purposeful. Id. Plaintiff's SAC contains no such claims.

Therefore, the Court finds Plaintiff's Fourteenth Amendment equal protection allegations fail to state a claim upon which § 1983 can be granted.

**E.    Conspiracy claims**

Plaintiff also alleges that Defendants "participated in a conspiracy" to deny Plaintiff "of his reimbursement of all his lost property." (SAC at 6.) 42 U.S.C. § 1985 proscribes conspiracies to interfere with certain civil rights. <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988). In order to state a claim for conspiracy to deny his right to equal protection, Plaintiff must allege that two or more Defendants conspired "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny [him] the equal protection of the law." 42 U.S.C. § 1985(2). The absence of a § 1983 deprivation of rights precludes a § 1985 conspiracy claim based on the same allegations. <u>Cassettari v. Nevada County, Cal.</u>, 824 F.2d 735, 739 (9th Cir. 1987); see also <u>Mahaney v. Warren County</u>, 206 F.3d 770, 772 (8th Cir. 2000) (holding that "bare" allegations are insufficient to support a claim under § 1985 for civil conspiracy). Accordingly, for the same reasons set forth above regarding why Plaintiff has failed to state § 1983 claim, he has also failed to state a conspiracy claim.

**III.    Conclusion and Orders**

Good cause appearing, the Court:

1.    **VACATES** the Clerk's Judgment entered on January 17, 2018 pursuant to Fed.R.Civ.P. 60(a);

2.    **DISMISSES** Plaintiff's Second Amended Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because the Court finds further amendment futile, leave to amend is **DENIED**. See <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

3. The Court further CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: January 26, 2018

Hon. Larry Alan Burns
United States District Judge