UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RONALD C. DIAZ, | Case No.: 3:17-cv-01772-LAB-BLM |
| --- | --- |
| Plaintiff, | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO Fed. R. Civ. P. 59(e)** |
| vs. | |
| N. McGEE, et al., | **[ECF No. 12]** |
| Defendants. | |

Ronald Diaz ("Plaintiff") proceeding pro se and in forma pauperis ("IFP"), has filed a motion for reconsideration (ECF No. 12) of the Court's January 29, 2018 Order dismissing his Second Amended Complaint ("SAC") for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 9).

/ / /

## I. Plaintiff's Motions to Alter or Amend Judgment

Plaintiff has filed a Motion requesting that this Court "reconsider amending or altering [their] judgment." (ECF No. 12 at 1.) Specifically, Plaintiff indicates that he has a learning disability and he should be granted a "3rd time to amend his Complaint." (*Id.*) Plaintiff also claims he "believes he did a good job stating his claims on how defendants violated his constitutional rights and does not know how and why the court keeps claiming he did not or failed to state a claim." (*Id.*)

## II. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff's motion does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff appears to seek reconsideration on grounds that he believes he did a "good job" on stating his claims and he "is starting to think he is being retaliated against by [the] Court." (ECF No. 12 at 1.)

To the extent Plaintiff implies that the Court has failed to liberally construe his pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other

litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, Plaintiffs' Motion fails to demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it dismissed his SAC without further leave to amend. *Id.* Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its January 29, 2018 Order and Judgment of dismissal was erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 59(e).

## III. Conclusion and Order

Based on the foregoing, the Court:

**DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) (ECF No. 12).

The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

Dated: February 20, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge